1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

7
8

9   Eric Jordan,

10            Plaintiff,

11   v.

12   Ryan Thornell, et al.,

13            Defendants.

14

No.  CV-23-0802-PHX-GMS (DMF)

**REPORT AND RECOMMENDATION**

15   **TO THE HONORABLE G. MURRAY SNOW, SENIOR UNITED STATES**
16   **DISTRICT JUDGE:**

17        This matter is referred to the undersigned United States Magistrate Judge Deborah
18   M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all
19   pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1) (Doc. 8 at 10).

20        For the reasons set forth below, it is recommended that Defendant's motion to
21   dismiss (Doc. 43) be granted as set forth herein and that this matter be dismissed without
22   prejudice for Plaintiff's failure to prosecute and failure to comply with orders of this Court.

23   **I.    BACKGROUND AND PROCEDURAL POSTURE**

24        Throughout these proceedings, Plaintiff Eric Jordan ("Plaintiff") has been and
25   remains confined in an Arizona State Prison Complex.  Upon screening of Plaintiff's May
26   2023 Complaint (Doc. 1), the Court ordered that Defendant Vance must answer the
27   excessive force claim in Count One in his individual capacity only, and the Court dismissed
28   the remaining claims and defendants (Doc. 8).  The excessive force claim in Count One of

the Complaint against Defendant Vance in his individual capacity arose from alleged events in November 2022 (Doc. 1 at 3-7).  As the Court observed:

> In **Count One**, Plaintiff alleges he was subjected to excessive force. He claims he is diabetic and, on November 11, 2022, had low blood sugar, "slipped into a diabetic coma with seizure," was unconscious and unresponsive, was "mentally [and] physically out of it," could not "focus [or] understand[] the condition," and was "not all there."  Plaintiff asserts that while he was unconscious and needing medical assistance, Defendant Vance "assaulted" Plaintiff by either punishing him or hitting him with an object, hard, in the face.  He contends he suffered injuries including headaches, eye damage and a loss of vision for two-and-a-half months, nose bleeds when he blows his nose, breathing problems, and a chipped and lose tooth.

(Doc. 8 at 3) (footnote 1 omitted) (emphasis and alterations in original).

After Defendant Vance filed an answer, on December 14, 2023, the Court issued a Scheduling and Discovery Order (Docs. 12, 14).  In the following few months, the parties filed notices of service indicating that written discovery requests and responses were proceeding (by Plaintiff: Docs. 16, 17, 22; by Defendant Vance: Docs. 15, 18, 19, 20, 24, 26, 27).

By June 2024, Defendant reported in a motion to extend certain Scheduling Order deadlines that discovery was not moving forward smoothly (Doc. 28).  Some of the reasons Defendant reported were claimed delays by Plaintiff in returning complete releases and Plaintiff's refusal of a discovery requests envelope sent to Plaintiff by Defendant (*Id.* at 2-3).  Defendant reported continued efforts to work with Plaintiff to resolve disputes and to move discovery forward (*Id.*).  On June 6, 2024, the Court granted Defendant's motion to extend certain Scheduling Order deadlines (Doc. 29).  Also on June 6, 2024, Plaintiff filed motions to extend time to respond to Defendant's discovery requests (Docs. 30, 31).  On June 7, 2024, the Court granted Plaintiff's motions to extend time and extended the deadline for Plaintiff to respond to the referenced discovery requests to June 28, 2024 (Docs. 32).  In doing so, the Court noted that "Plaintiff's motions lack any statement as to good cause for the extensions of time requested, and the record raises concerns about

Plaintiff's good faith participation in discovery[,]" but the Court decided to "nevertheless grant the extensions requested in Plaintiff's motions" (*Id.*).

On June 27, 2024, Plaintiff filed a request for production of documents and tangible things which set forth Plaintiff's discovery requests verbatim (Doc. 33). Plaintiff also filed a Notice of Request for Production of Documents and Tangible Things regarding the requests for production (Doc. 34). On June 28, 2024, the Court struck Plaintiff's request for production of documents and tangible things (Doc. 36). The Order doing so included the text of Federal Rules of Civil Procedure, Rule 5(d)(1)(A):

> Any paper after the complaint that is required to be served — together with a certificate of service — must be filed within a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

(Doc. 36 at 1-2). On July 12, 2024, Plaintiff filed with the Court his responses to Defendant's discovery requests in violation of the applicable rules and the Court's previous Order (Doc. 37). In a July 15, 2024, Order which struck Plaintiff's improperly filed discovery responses, the Court again cited and quoted Federal Rule of Civil Procedure 5(d)(1)(A) (Doc. 38). The Court also ordered that Plaintiff promptly file a proper notice of service regarding any discovery responses he has served (Doc. 38 at 2).

On July 15, 2024, Defendant filed a Motion for Sanctions seeking an order for sanctions against Plaintiff for failure to comply with this Court's June 7, 2024, Order to provide responses to Defendant's discovery by June 28, 2024 (Doc. 39). In the motion, defense counsel "certifie[d] that undersigned counsel has conferred in good faith with Plaintiff prior to seeking this relief from the Court" (*Id.* at 1). In the motion, Defendant stated that:

> On July 2, 2024, undersigned counsel sent Plaintiff a letter reminding him of the Court's Order and asking for responses by July 12, 2024. (*See* Ltr. dated 7/2/2024 to Plaintiff, attached as Exhibit 4.) On July 12, 2024, undersigned counsel also had a telephone call with Plaintiff to meet and confer regarding Plaintiff's delinquent discovery responses. Plaintiff stated that he thinks he

filed a response to some of the requests but has not responded to the remainder because he is looking for someone to assist him and he was delayed due to his recent address change. He thinks he can serve responses in the next "week or two". Plaintiff's excuse is curious as he was able to prepare and serve Requests for Production to Defendant prior to the Court's June 28 deadline expired, yet he did not comply with the Court's Order to respond to Defendant's discovery. Shortly after the parties' call, on July 12, 2024, Plaintiff inappropriately filed responses to Defendant's First Set of Requests for Admissions on the docket, which the Court has stricken. (Dkts. 37-38.) Defendant has not received proper service of these responses through the mail. Nor has Defendant received responses to Defendant's Second Set of Interrogatories and Third Set of Requests for Production served on April 22, 2022.

(*Id.* at 2-3).  In the motion, Defendant further stated that:

> [a]s a sanction for his continued and unjustified failure to comply with the Court's June 7, 2024 Order, Defendant requests the Court stay further proceedings until the Order is obeyed. More specifically, pursuant to the extended deadline, discovery cutoff is August 16, 2024, the deadline to bring discovery disputes is October 16, 2024, and the deadline to file dispositive motions is November 18, 2024. (See Dkt. 29 at 3.) Defendant needs Plaintiff's discovery responses to determine whether additional written discovery is necessary and in preparation for taking Plaintiff's deposition prior to this cutoff. Defendant cannot prepare his defense without this discovery and has been prejudiced by Plaintiff's refusal to comply with the Court's Order.

(*Id.* at 3-4).  Defendant also requested reasonable attorney's fees expended in litigating Plaintiff's failure to comply with the Court's June 7, 2024, Order pursuant to Rule 37(d)(3) (*Id.* at 4).

The time for response by Plaintiff to Defendant's motion expired without Plaintiff filing a response.

On August 8, 2024, the Court granted Defendant's motion in part, observing that "Defendant has scheduled Plaintiff's deposition for August 9, 2024 (Doc. 40)" (Doc. 42 at 3).  In ruling, the Court stated that:

> [a]t the time of the Court's Screening and Service Order on September 12, 2023 (Doc. 8 at 7), Plaintiff was put on notice that if Plaintiff fails to timely comply with every provision of the Court's Orders, the Court may dismiss

1
2
3
4
5
6

this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court). Plaintiff is hereby (again) warned that if Plaintiff fails to timely comply with every provision of the Court's Orders, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court); Fed. R. Civ. P. 37.

7
8
9
10
11
12
13
14
15
16
17

Upon review of the record, applicable law, and careful consideration, the Court will grant, at least in part, Defendant's motion for sanctions (Doc. 39) at this time. Defendant has noticed Plaintiff's deposition for tomorrow morning (Doc. 40). Defendant may proceed or not with the deposition as scheduled or may reset such at Defendant's discretion given the orders below. If Defendant has not received the discovery responses at issue in the motion for sanctions (Doc. 39) already with sufficient time to review such before the set deposition tomorrow (the Court leaves judgment as to time for review to defense counsel) and if there is any court reporter or other fees/expenses for resetting the deposition, such fees and expenses shall be included in the application for reasonable attorney's fees and expenses expended in litigating Plaintiff's failure to comply with the Court's June 7, 2024, Order. Also, Plaintiff is specifically warned that failure to fully and properly participate in his deposition may result in sanctions against Plaintiff, including payment of reasonable attorneys' fees and expenses and including possible dismissal of this action.

18
19
20
21
22
23
24
25
26
27
28

(*Id.* at 3-4). The Court ordered (1) that no later than August 22, 2024, "Plaintiff shall mail to defense counsel his discovery responses . . . and shall at the same time file notices of service with the Court" or "show cause in writing filed with the Court why additional sanctions, including up to dismissal of this action, should not be imposed"; (2) "that pursuant to Rule 37(d)(3) Plaintiff shall pay Defendant's reasonable attorney's fees and expenses expended in litigating Plaintiff's failure to comply with the Court's June 7, 2024, Order"; (3) "sua sponte extending the deadline to complete discovery to October 16, 2024, including the deadline to take Plaintiff's deposition"; (4) "extending the deadline to file motions to compel to December 17, 2024, and extending the deadline to file dispositive motions to February 21, 2025"; and (5) "warning Plaintiff that failure to fully and properly participate in his deposition may result in sanctions against Plaintiff, including payment of

1    reasonable attorneys' fees and expenses and including possible dismissal of this action"

2    (*Id.* at 4-5).

3    As recounted by Defendant, although Plaintiff's response to the Court's Order was

4    due August 22, 2024, "Plaintiff did not file a notice of service, nor did he serve responses

5    to Defendant's Requests for Production, Requests for Admissions, or Interrogatories"

6    (Doc. 43 at 2).  Additionally, Defendant noted that "Plaintiff failed to show cause why

7    additional sanctions should not be imposed pursuant to the Court's Order. (Dkt. 42)" (*Id.*).

8    On August 30, 2024, Defendant moved for dismissal of Plaintiff's claim and this

9    action pursuant "to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b)" (Doc. 43

10    at 1).  The motion was served on Plaintiff by mail (*Id.* at 6).  In the motion, Defendant

11    argues:

12
13    Plaintiff has the general duty to prosecute his case.  *See Fidelity Philadelphia
      Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).
14    Rule 1 of the Federal Rules of Civil Procedure directs that the rules governing
      procedure in all civil actions "should be construed, administered, and
15    employed by the court and the parties to secure the just, speedy, and
      inexpensive determination of every action and proceeding."  Rule 41(b)
16    permits involuntary dismissal of an action "[i]f the plaintiff fails to prosecute
      or to comply with these rules or a court order, a defendant may move to
17    dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see also
      Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (district court's
18    authority to dismiss for lack of prosecution is necessary to prevent undue
      delays in the disposition of pending cases and avoid congestion in district
19    court calendars).  "The courts have read this rule to require prosecution with
      'reasonable diligence' if a plaintiff is to avoid dismissal."  *Anderson v. Air
20    West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citations omitted).  "[T]he
      failure to prosecute diligently is sufficient by itself to justify a dismissal, even
21    in the absence of a showing of actual prejudice to the defendant from the
      failure."  *Id.* (citations omitted).  "The law presumes injury from
22    unreasonable delay."  *Id.*  In *Link*, the Supreme Court recognized that a
      federal district court has the inherent power to dismiss a case sua sponte for
23    failure to prosecute, even though the language of Rule 41(b) of the Federal
      Rules of Civil Procedure appears to require a motion from a party.  370 U.S.
24    at 633; *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d
      683, 689 (9th Cir. 2005) (district court may dismiss under Rule 41(b) for
25    failure to prosecute or comply with rules of civil procedure or the court's

26
27
28

orders).   A dismissal pursuant to Rule 41(b) is committed to the sound discretion of the district court.  *See Link*, 370 U.S. at 633.

In determining whether a plaintiff's failure to prosecute warrants dismissal pursuant to Rule 41(b), the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). As detailed below, the weight of these factors favors dismissal.

Given Plaintiff's refusal to respond to Defendant's discovery requests, despite a Court order to do so, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—favor dismissal of this action.  *See Cisneros v. Corizon Health Care*, No. CV1904490[-]PHX[-]JAT[-]CDB, 2020 WL 5095305, at *3 (D. Ariz. Aug. 28, 2020) (dismissing case for failure to prosecute where plaintiff failed to participate meaningfully in discovery and failed to comply with court orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (finding a district court may dismiss an action for failure to comply with any order of the Court).  These failures hamper Defendant's ability to prepare his defense and prevents this action from proceeding.  *See Jones v. Arpaio*, No. CV05-3975-PHX-JAT[-]MHB, 2008 WL 138082, at *2 (D. Ariz. Jan. 11, 2008) (finding plaintiff's failure to cooperate with discovery prejudiced defendants' preparation of their defense and granting defendants' motion to dismiss for lack of prosecution).  Neither the public's interest in expeditious resolution of litigation nor the Court's need to manage its docket are served by allowing this action to continue.  Indeed, pursuant to the Court's original Scheduling Order, dispositive motions should have been filed by June 12, 2024.  Due to Plaintiff's refusal to provide discovery responses despite court orders, Defendant has been unable to address the merits of Plaintiff's claims and has had to seek relief from the Court's Scheduling Order.

As to the third factor, the failure to dismiss this action will continue to prejudice Defendant as he has been deprived of the ability to prepare his defense against Plaintiff's claims.  While public policy favors disposition of cases on their merits (the fourth factor), Plaintiff's repeated failure to prosecute this case makes resolution on the merits unlikely, even if this action were to proceed.

The fifth factor requires the Court to consider whether a less drastic alternative than dismissal is available.  But the Court need not exhaust every

- 7 -

sanction short of dismissal before finally dismissing a case. *Henderson*, 779 F.2d at 1424. Plaintiff's refusal to respond to Defendant's discovery requests, despite the Court's warning of additional sanctions and potential dismissal has not motivated him to comply. (Dkt. 42).

Plaintiff's pro se status does not excuse him having to comply with the Rules or the Court's orders. The Court and Defendant have provided pro se Plaintiff several extensions and opportunities to comply with the Rules and the Court's orders. While complaints filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers[,]" *Haines v. Kerner*, 404 U.S. 519 (1972), pro se litigants must comply with all procedural and local rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 56, 567 (9th Cir. 1987) ( "Pro se litigants must follow the same rules of procedure that govern other litigants."). A pro se litigant's status does not entitle pro se litigants to special treatment not given to represented parties, nor does it exempt them from compliance with the Federal Rule of Civil Procedure, Local Rules, or the orders of this Court.

Plaintiff has been provided ample opportunity to comply with his obligations but refuses to do so. To date, he has failed to show cause why the sanction of dismissal should not be imposed pursuant to the Court's Order. (Dkt. 42.)

(Doc. 43 at 2-5).

The Court issued an order notifying Plaintiff of his obligation to respond to the motion to dismiss, and the Court set a briefing scheduling (Doc. 44). Plaintiff has not filed any response to the pending motion to dismiss (Doc. 43), and the time to do so has expired (Doc. 44). Plaintiff has not made any filings after the Court's August 8, 2024, Order granting in part Defendant's motion for sanctions (Doc. 42). Indeed, Plaintiff's most recent filing was the filing of discovery responses which were struck by the Court in July 2024 (Docs. 37, 38).

## II. DISCUSSION

This Court's Local Rules of Civil Procedure ("LRCiv") describe that as a part of a United States Magistrate Judge's duties:

A Magistrate Judge may hear and determine a procedural or discovery motion or other pretrial matter in a civil case other than the motions that are specified in 28 U.S.C. § 636 (b)(1)(A). As to such specified motions so assigned, a Magistrate Judge shall, upon designation by a District Judge, submit to that District Judge a report containing proposed findings of fact and recommendations for disposition by the District Judge. In any motion in which the parties are seeking sanctions, if the Magistrate Judge is inclined to grant such requests regarding dispositive sanctions, the Magistrate Judge shall be limited to filing a report and recommendation with the District Court; a Magistrate Judge may enter an order granting requests for nondispositive sanctions (including monetary sanctions) or denying any sanctions request.

LRCiv 72.2(a)(1). Given the dispositive nature of dismissal sought, undersigned proceeds by report and recommendation.

Upon careful consideration of the record and applicable law, Defendant's arguments in his motion to dismiss (Doc. 43) are sound and persuasive in these circumstances, even upon consideration that the statute of limitations may bar Plaintiff from refiling this action.[1]

Defendant's motion to dismiss is based on "Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b)" (Doc. 43 at 1). Federal Rule of Civil Procedure 37(b)(2)(A) regards sanctions for not obeying a discovery order and states that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). While Defendant's arguments appear to focus on Federal Rule of Civil Procedure 41(b) regarding failure to prosecute (Doc. 43 at 2-5), the five factors for consideration of discovery sanctions coincide with the factors to be considered regarding failure to prosecute. *See In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996).

Further, Plaintiff's failure to comply with this Court's orders regarding discovery responses constitute the extreme circumstances contemplated for dismissal, particularly given the stage of the case and Plaintiff's apparently purposeful lack of participation in the

---

[1] Because "Section 1983 does not include its own statute of limitations[,] . . . federal courts apply the statute of limitations governing personal injury claims in the forum state." *Finkle v. Ryan*, 174 F.Supp.3d 1174, 1186 (D. Ariz. 2016). In Arizona, where Plaintiff alleges the events in his Complaint took place in part, the statute of limitations "for personal injury claims is two years." *Id.*

matter after the adverse ruling regarding discovery (Doc. 42).   Conduct constituting "willfulness, bad faith, or fault" warrants dismissal and is defined as "'disobedient conduct not shown to be outside the control of the litigant.'"  *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).   Dismissal is usually reserved for repeated violations of court orders, although a single violation may suffice if it is sufficiently severe.  *See, e.g., Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998) (concluding that dishonest concealment of critical evidence justified dismissal).  Here, Plaintiff's failure to properly respond to discovery requests interfered with the taking of Plaintiff's deposition. The Court attempted to impose less drastic sanctions, but those were met with silence and non-participation in discovery by Plaintiff.

Further, dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  Here, the first, second, third, and fifth factors strongly support dismissal.  Still, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate.  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court to consider whether dismissal should have been without prejudice).

## III.    CONCLUSION

On this record and for reasons set forth above, it is recommended that the pending motion to dismiss (Doc. 43) be granted as set forth herein and that this action be dismissed without prejudice for Plaintiff's failure to comply with orders of this Court, including orders pertaining to discovery.

Accordingly,

**IT IS RECOMMENDED** that the pending motion to dismiss (Doc. 43) be granted.

**IT IS FURTHER RECOMMENDED** that this action be dismissed without prejudice and that the Clerk of Court be directed to terminate this matter.

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 21st day of October, 2024.

Honorable Deborah M. Fine
United States Magistrate Judge