# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Jordan, | No. CV-23-00802-PHX-GMS (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Plaintiff Eric Jordan, who has been and remains confined in an Arizona State Prison Complex brought this civil rights action under 42 U.S.C. § 1983 against Defendant Lieutenant Daniel J. Vance, the La Palma Correctional Center, and the Director of the Arizona Department of Corrections, Rehabilitation & Reentry (ADC). Upon screening of Plaintiff's May 2023 Complaint (Doc. 1), the Court ordered that Defendant Vance must answer the excessive force claim in Count One in his individual capacity only, and the Court dismissed the remaining claims and defendants (Doc. 8).

On August 30, 2024, Defendant moved for dismissal of Plaintiff's claim and this action pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). (Doc. 43 at 1). The motion was served on Plaintiff by mail (*Id*. at 6). The Court issued an order notifying Plaintiff of his obligation to respond to the motion to dismiss and the Court set a briefing schedule (Doc. 44). Plaintiff has failed to respond to the pending motion to dismiss and the time to do so has expired. Plaintiff has not made any filings since July 2024.

The Court will adopt the R&R and grant Defendant's Motion to Dismiss.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[f]ollowing *Reyna-Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made").

Neither party filed objections to the Court's October 22, 2024 R&R. The Court is therefore not obligated to review the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Even so, the Court has reviewed Judge Fine's R&R. As set forth above, Plaintiff has failed to respond to Defendant's Motion to Dismiss and has abandoned his case and failed to comply with the Court's orders.

**IT IS ORDERED**:

(1) The Report and Recommendation (Doc. 46) is adopted and the pending motion to dismiss (Doc. 43) is granted.

(2) The Clerk of Court is directed to enter Judgment accordingly.

/ / /

1    (3)  This action is dismissed without prejudice and the Clerk of Court is directed
2 to terminate the matter.
3        Dated this 16th day of December, 2024.

_____
G. Murray Snow
Senior United States District Judge